UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ESTEBAN MEDEROS-BURGOS,

      Movant,

                                       Case No. 1:16-cv-843

v.

                                       HON. ROBERT HOLMES BELL

UNITED STATES OF AMERICA,

      Respondent.
_____/

### **O P I N I O N**

This matter comes before the Court on Movant's "motion for resentencing pursuant to *Johnson v. U.S.*", which this Court has construed as a motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255. (ECF No. 1.) On August 22, 2016, the Government filed a response in opposition. (ECF No. 4.) For the reasons that follow, Movant's § 2255 motion is denied.

### **I.**

On February 29, 2012, Movant pleaded guilty to aggravated felon reentry, in violation of 8 U.S.C. §§ 1326(a), (b)(2), and 1101(a)(43)(B). This Court sentenced Movant to 60 months in custody. Movant filed a direct appeal, arguing that the sentence was substantively unreasonable. On April 24, 2015, the Sixth Circuit unanimously affirmed his sentence.

Subsequently, Movant filed this motion raising a claim of improper sentence enhancement based on *Johnson v. United States*, 135 S. Ct. 2551 (2015).

## II.

A prisoner who moves to vacate his sentence under § 2255 must show that the sentence was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such a sentence, that the sentence was in excess of the maximum authorized by law, or that it is otherwise subject to collateral attack.  28 U.S.C. § 2255.  To prevail on a § 2255 motion "'a petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict.'" *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005) (quoting *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003)).

Non-constitutional errors are generally outside the scope of § 2255 relief.  *United States v. Cofield*, 233 F.3d 405, 407 (6th Cir. 2000).  A petitioner can prevail on a § 2255 motion alleging non-constitutional error only by establishing a "fundamental defect which inherently results in a complete miscarriage of justice, or, an error so egregious that it amounts to a violation of due process." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (quoting *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (internal quotations omitted)).

As a general rule, claims not raised on direct appeal are procedurally defaulted and may not be raised on collateral review unless the petitioner shows either (1) "cause" and

"actual prejudice" or (2) "actual innocence." *Massaro v. United States*, 538 U.S. 500, 504 (2003); *Bousley v. United States*, 523 U.S. 614, 621–22 (1998); *United States v. Frady*, 456 U.S. 152, 167–68 (1982).

## III.

Movant argues that the Court erroneously enhanced his sentence by construing prior convictions as violent felonies under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924. In *Johnson*, the Supreme Court held that the residual clause of the ACCA, § 924(e), was unconstitutional. *Johnson*, 135 S. Ct. at 2563. The Government argues that *Johnson* is not relevant to Movant's sentence, and the Court agrees. Movant was not convicted of a violation of § 922(g), and he was not sentenced under any provision of § 924, including its residual clause. Rather, he was convicted of being present in the United States after removal for an aggravated felony conviction in violation of 8 U.S.C. § 1326(a), (b)(2).

Movant's predicate aggravated felony was a California conviction of possession for sale of cocaine.[1] (*United States v. Mederos-Burgos*, No. 1:14-cr-1, PSR ¶ 34, ECF No. 20, PageID.52.) Movant received a 16-level enhancement for this prior drug-trafficking offense. (*Id.* at ¶ 18, PageID.50.) At sentencing, his attorney mistakenly stated that the 16-level enhancement was for a crime of violence. (*Mederos-Burgos*, No. 1:14-cr-1, Sent. Tr. 4, ECF No. 26, PageID.99.) But the Court relied upon Movant's drug trafficking offense for the enhancement, not any crimes of violence. (*Id.* at PageID.105-06.) Further, the aggravated

---

[1] Movant was sentenced to 3 years for this offense, which was to be served concurrently with additional offenses of possession of controlled substance/ firearm, and possession of firearm by a felon.

felony relied upon by the government and cited in the indictment was § 1101(a)(43)(B), which applies to illicit trafficking of a controlled substance, including a drug-trafficking crime. This Court did not enhance Movant's sentence under the residual clause of the ACCA, so *Johnson* is inapposite, and Movant's claim is without merit.

## IV.

For the reasons stated above, Movant's motion to vacate, set aside, or correct the sentence imposed upon him by this Court will be denied. Because the Court finds that the "motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," 28 U.S.C. § 2255(b), no evidentiary hearing is required.

Pursuant to 28 U.S.C. § 2253(c), the Court must also assess whether to issue a certificate of appealability. To warrant the grant of a certificate of appealability, Movant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Sixth Circuit has disapproved of the issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted." *Id.* at 467. Because Movant cannot make a substantial showing of the denial of a federal constitutional right with respect to his claim, a certificate of appealability will be denied. A judgment and order will enter in accordance with this opinion.

Dated: November 28, 2016         /s/ Robert Holmes Bell
                                 ROBERT HOLMES BELL
                                 UNITED STATES DISTRICT JUDGE